UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 14-11269-RGS

ROBERT G. JOHNSON

v.

INTERNAL REVENUE SERVICE

ORDER ON PLAINTIFF'S MOTION FOR EMERGENCY PRELIMINARY
INJUNCTIVE RELIEF

April 20, 2014

STEARNS, J.

On April 11, 2014, Plaintiff Robert Johnson filed a motion requesting "Emergency Preliminary Injunctive Relief." Dkt. #8. Johnson attached a certificate of service indicating that he sent a copy of the motion, via registered mail, to the United States Attorney for the District of Massachusetts, to the Department of Justice in Washington DC, and to the local office of the Internal Revenue Service, on April 10, 2014.[1] For the reasons set forth below, the court will deny the motion requesting an emergency preliminary injunction.

---

[1] Johnson's prior "(Ex Parte) Motion for Emergency Preliminary Injunctive Relief" was denied without prejudice on March 27, 2014, for lack of service. *See* Dkt. #7. There is still no indication on the docket that the Johnson has served the Complaint in this matter.

The test governing a request for a preliminary injunction "requires consideration of (1) the movant's likelihood of success on the merits, (2) the potential for irreparable harm, (3) a balancing of the relevant equities, and (4) the effect on the public interest." *Campbell Soup Co. v. Giles*, 47 F.3d 467, 470 (1st Cir. 1995) (collecting cases). "Likelihood of success is the main bearing wall of the four-factor framework." *Ross-Simons of Warwick, Inc. v. Baccarat, Inc.*, 102 F.3d 12, 16 (1st Cir. 1996).

Johnson has failed to show a likelihood of success on the merits, and thus his request for a preliminary injunction must be denied.[2] The only relief requested in Johnson's Complaint is "emergency preliminary injunctive relief to release current wage garnishments with TAXPAYERS respective employers." Compl. ¶ 8. Because the relief requested in the Complaint is, itself, injunctive in nature (and related to tax collection), it is in fact *unlikely* that Johnson's claims will succeed on the merits, even when viewed with the benefit of the indulgent eye that the court often affords pleadings drafted by pro se litigants. *See, e.g., Instituto de Educacion Universal Corp. v. U.S. Dep't of Educ.*, 209 F.3d 18, 23 (1st Cir. 2000)

---

[2] "[A]n evidentiary hearing is not an indispensable requirement when a court allows or refuses a preliminary injunction." *Aoude v. Mobil Oil Corp.*, 862 F.2d 890, 893 (1st Cir. 1988).

(noting that "complaints drafted by non-lawyers are to be construed with some liberality").

The Anti-Injunction Act, 26 U.S.C. § 7421(a), dictates that, with limited exceptions, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a). *See also Enochs v. Williams Packing & Navigation Co., Inc.,* 370 U.S. 1, 7 (1962) ("The manifest purpose of [section] 7421(a) is to permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund. In this manner the United States is assured of prompt collection of its lawful revenue.").

Johnson did not allege or reference any exceptions to this general rule in his Complaint or in his most recent motion. Further, his request for emergency preliminary injunctive relief simply recited the boilerplate language that "[t]here is a substantial likelihood of success based on the merits of this case," but again failed to relay any facts supporting such an assertion. Pl.'s Mot. (Dkt. #8) ¶ 5. While Johnson did provide some more factual detail with regard to the "irreparable harm" factor, alleging that the

current levies will cause immediate harm to him monetarily and to his employer relationship,[3] this cannot cure his inability to demonstrate a likelihood of success on the merits in the underlying action. It is well-settled that a taxpayer cannot maintain a suit in contravention of the Anti-Injunction act "merely because collection would cause an irreparable injury, such as the ruination of the taxpayer's enterprise." *Enochs*, 370 U.S. at 6.

ORDER

Plaintiff's Request for Emergency Preliminary Injunctive Relief is <u>DENIED</u>. Johnson is directed to serve the Complaint on defendants in this action, and defendants are ordered to respond to the Complaint, once served, in accordance with the Federal Rules of Civil Procedure.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE

---

[3] Johnson alleges that he and his wife, who is not a party to this action, "have positions with financial institutions that require Series 7 and 65 licenses" and that the levy action "restricts their ability to do business in various states . . . and restricts any possibilities in possible advancements or career moves." Pl.'s Mot. ¶6.