UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 14-cv-11269 -RGS

ROBERT JOHNSON

v.

INTERNAL REVENUE SERVICE

MEMORANDUM ON DEFENDANT UNITED STATES OF AMERICA'S
MOTION TO DISMISS

August 1, 2014

STEARNS, J.

This matter is before the court on the motion of defendant United States of America to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.[1] Subsequent to the filing of the motion to dismiss, plaintiff Robert Johnson filed a "Repeated Motion for Preliminary Injunctive Relief,"[2] a "Motion for Mandatory Judicial Review," and a "Judicial Notice in Support of an Order to Show Cause" with an attached "Memorandum of Law." It is not clear whether these filings are intended to

---

[1] Although the named defendant is the Internal Revenue Service (IRS), the motion to dismiss was filed on behalf of the United States, asserting that it was "improperly named and sued as 'Internal Revenue Service.'" Def.'s Mot. (Dkt. #12) at 1.

[2] The court dismissed Johnson's first motion for preliminary injunctive relief on April 20, 2014. *See* Dkt. #9.

serve as an opposition to the motion to dismiss.[3]  Nonetheless, the court will treat them as such as the time to file a formal opposition has expired.

As the court noted in denying Johnson's prior motion for "emergency preliminary injunctive relief," the Anti-Injunction Act, 26 U.S.C. § 7421(a), mandates that, with limited exceptions, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person in the person against whom such tax was assessed."  26 U.S.C. § 7421(a).  For this reason, the Complaint must be dismissed, as further explained below.

In his Complaint, Johnson requests that the court order the IRS to "release all levies and liens against the TAXPAYERS" and "release current wage garnishments with TAXPAYERS respective employers."  Compl. ¶¶ 8 & 9.  Johnson elaborates on his request in subsequent filings, arguing for:

> relief from [the IRS's] actions to collect on an ACCOUNT that they have agreed is closed, namely
> 1) Existing wage garnishments levied against TAXPAYERS with TAXPAYERS employers
> 2) Existing levies on all asset accounts in the name of TAXPAYER

Dkt. #13, at 5 (emphasis in original).

---

[3] The United States responded to these filings in an opposition dated July 17, 2014.

Despite Johnson's protestations,[4] the requested relief squarely places this action in the category of suits maintained "for the purpose of restraining the assessment or collection of [a] tax," prohibited by § 7421(a). Regardless of whether a taxpayer is ultimately correct or incorrect in his or her belief that a tax assessment is inaccurate and that a collection action is as a result unwarranted, the Anti-Injunction Act serves "to withdraw jurisdiction from the state and federal courts to entertain suits seeking injunctions prohibiting the collection of federal taxes." *Enochs v. Williams*

---

[4] In response to the court's denial of his request for an emergency preliminary injunction, Johnson filed a "conditional acceptance and repeated motion for preliminary injunctive relief" containing statements such as the following:

> 5. The PLAINTIFF conditionally accepts the courts reference to the Anti-Injunction Act . . . on proof of claim that
> A. this suit seeks to restrain the DEFENDANT in any way for collecting the taxes due to them from the TAXPAYER
> B. this suit seeks to restrain any assessment of the amount due for the ACCOUNT'
> C. the PLAINTIFF ever disputed the amounts due presented by the DEFENDANT and that the PLAINTIFF did not establish a private agreement and SETTLEMENT with the DEFEDANT that setoff, settled, and closed the ACCOUNT
> D. that further attempts to collect on an ACCOUNT the DEFENDANT has agreed is closed is not UNJUST ENRICHMENT and CONVERSION.
> E. the DEFENDANT did not agree to the SETTLEMENT, and the account between the DEFENDANT and the TAXPAYERS is not setoff, settled, and closed."

Dkt. #13 (emphasis and punctuation as in original).

*Packing & Navigation Co., Inc.*, 370 U.S. 1, 5-6 (1962). That the taxpayer's belief in the wrongfulness of the levy collection is based on an alleged contract (here a purported agreement by the IRS to "zero-out" his account) makes no difference.[5] This case does not fall under any statutory or judicial exception to the Anti-Injunction Act, and therefore, if Johnson wishes to appeal to the courts to resolve his alleged dispute with the IRS, he must first pay the contested tax and then sue for a refund. *See Enochs,* 370 U.S. at 7 ("The manifest purpose of s 7421(a) is to permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund. In this manner the United States is assured of prompt collection of its lawful revenue.").

---

[5] Johnson has repeatedly requested an "in camera review" of a set of self-generated documents that he alleges to constitute a contract between him and the IRS whereby the IRS (by failing to respond) agrees discharge all of his debts and "close" his account. Whatever the propriety (or lack thereof) of an ex parte review, Johnson's claim is a familiar strophic form in the literature of tax protest. *See, e.g., Standifird v. Augustine,* 1994 WL 637351, at *1 (D. Ariz. June 30, 1994) (noting that plaintiff's contract claim was "frivolous on its face" and that "the plaintiff's mere 'presentment' of the nonexecuted agreement he drafted to [the IRS] is insufficient to create a contract between them, notwithstanding the plaintiff's apparent reliance on inapplicable provisions of the Uniform Commercial Code.").

ORDER

For the foregoing reasons, the United States motion to dismiss is ALLOWED.  Plaintiff's various miscellaneous motions are collectively DENIED.

SO ORDERED.

/s/ Richard G. Stearns     
UNITED STATES DISTRICT JUDGE